UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
   UNITED STATES OF AMERICA,         :
                                                      :
                -against-                    :
                                                      :      24-CR-208 (VEC)
   GARTH SMALL,                           :
                                                       :      OPINION AND ORDER
                             Defendant.    :
                                                         :
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/1/2025

VALERIE CAPRONI, United States District Judge:

      Defendant Garth Small was employed by the New York City Housing Authority ("NYCHA") as an assistant superintendent at various housing developments in the Bronx between at least 2015 and 2023. Complaint, Dkt. 1, at ¶ 7. The Government alleges that from 2015 through December 2022, Mr. Small solicited and accepted at least $16,000 in bribes from NYCHA vendors in exchange for awarding them at least $130,000 worth of work in connection with no-bid contracts and so-called "blanket contracts." Superseding Indictment, Dkt. 46, at ¶ 1.

      Mr. Small moved to suppress all out-of-court identifications as the product of unduly suggestive procedures or, in the alternative, for a *Wade* hearing to evaluate their admissibility. Defense Memorandum (hereafter, "Def. Mem."), Dkt. 27. The Government opposed. Government Memorandum (hereafter, "Gov. Mem."), Dkt. 35. Mr. Small's Motion to Dismiss and Motion to Compel a Bill of Particulars were denied for reasons explained during the September 24, 2025, conference. Order, Dkt. 43. For the following reasons, Mr. Small's Motion to Suppress is now DENIED without a hearing.

## BACKGROUND

In February 2024, the Government charged Mr. Small by complaint with bribery and extortion. Compl., Dkt. 1. An indictment followed on April 4, 2024, charging Mr. Small with one count of solicitation and receipt of a bribe by an agent of an organization receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(B), and one count of extortion under color of official right, in violation of 18 U.S.C. § 1951. Indictment, Dkt. 10. That indictment was superseded on September 30, 2025, primarily to modify the time period of the conduct and the amount of bribes that Mr. Small is alleged to have received. Superseding Indictment, Dkt. 46.

During photobook identification procedures, at least six witnesses identified Mr. Small as someone to whom they paid bribes in exchange for no-bid NYCHA contracts. Gov. Mem. at 2. Each had a pre-existing business relationship with Mr. Small, and some identified him by name before seeing the photobook. *Id.* at 28. The photobook contained approximately 250 photographs of current and former NYCHA employees as well as filler photographs. *Id.* at 31. Mr. Small appeared at page 103. *Id.* at 38. In response to Defendant's motion to suppress, the Government provided the photobook and contemporaneous records of the procedures, including sworn statements of law enforcement officers who were present during the interviews during which Mr. Small was identified. *Id.* at 46.

## DISCUSSION

Mr. Small moves to suppress all out-of-court identifications as the product of unduly suggestive procedures in violation of his due process rights. Def. Mem. at 26-37.

A two-part inquiry is used to determine the reliability of identifications. First, the Court must determine whether the pretrial identification procedures unduly and unnecessarily suggested that the defendant was the perpetrator. If nothing rises to the level of being unduly

and unnecessarily suggestive, the accuracy of the identification becomes a matter for the jury. Second, if the procedures were suggestive, the Court should assess whether the identification was independently reliable. *Brisco v. Ercole*, 565 F.3d 80, 88 (2d Cir. 2009).

An identification procedure is unduly and unnecessarily suggestive if it creates a very substantial likelihood of irreparable misidentification. *Simmons v. United States*, 390 U.S. 377, 384 (1968). The use of a very small number of photos in an array or suggestive commentary, for example, can be unduly and unnecessarily suggestive. *United States v. Thai*, 29 F.3d 785, 808 (2d Cir. 1994). While a small number of photographs may be unduly or unnecessarily suggestive in certain cases, if a witness names a defendant first, an agent could reasonably display only a single photograph of that person to confirm that is the person whom the witness is identifying. *See United States v. Hardy*, No. 10 CR. 1123 (JSR), 2011 WL 7782582 (S.D.N.Y. Jan. 25, 2011). Regardless of the procedure used, being known to the witness is a powerful indicator of independent reliability. *See, e.g.*, *United States v. Salomon-Mendez*, 992 F. Supp. 2d 340, 344 (S.D.N.Y. 2014) (citing *United States v. Argentina*, 173 F. App'x 90, 94 (2d Cir. 2006) (summary order) ("Even brief glimpses and short conversations may support a finding of independent reliability of an identification.")).

A district court must hold a *Wade* hearing only if the defendant makes a threshold showing that the surrounding circumstances or identification procedure was unduly suggestive. *United States v. Leonardi*, 623 F.2d 746, 755 (2d Cir. 1980). Generally, the Constitution protects defendants from evidence of questionable reliability "not by prohibiting introduction of the evidence, but by affording the defendant means to persuade the jury that the evidence should be discounted as unworthy of credit." *Perry v. New Hampshire*, 565 U.S. 228, 237 (2012).

Here, Mr. Small has not made the requisite threshold showing of suggestiveness to warrant a hearing. There is no evidence that Mr. Small would have stood out as the suspected culprit in a photobook containing 250 pages. His photo was nestled in the middle of a robust photobook containing current and former NYCHA employees and filler photographs. Mr. Small notes that the witnesses identifying him had been offered immunity from prosecution. Def. Mem. at 27. That may be true, but it does not mean that their identifications are suspect nor that the procedure used to obtain the identification was unduly suggestive.

There is also inherent reliability here as the evidence tends to show that the witnesses who identified Mr. Small knew him. The witnesses and Mr. Small had met and interacted in the context of business relationships. Prior to being shown photographs, several identified him by name and by the NYCHA development at which he was working. In other words, the identifications were confirmatory. Mr. Small notes that some witnesses used slight variations of his name ("small Groot" and "smalls Gibson" instead of "Garth Small"), but — especially because English was not the witnesses' native language, and they were communicating via interpreters — this does not decrease the reliability of the identifications. Def. Mem. at 33; Gov. Mem. at 42.

Mr. Small attempts to marshal the *Biggers* factors, such as the length of time between the crime and identification, to argue that a hearing is required. Def. Mem. at 35-36 (citing *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972)). These factors, however, have no meaningful application where the witnesses had preexisting relationships with the defendant. Mr. Small also looks to *United States v. Cartagena*, No. 24 CR. 516 (PGG), 2025 WL 1456097 (S.D.N.Y. May 21, 2025), to argue for the necessity of a *Wade* hearing. In *Cartagena*, an evidentiary hearing was ordered based on a substantially different record. *Id.* at *1 n. 2. There, no factual record had

been supplied to support the identification procedures, whereas here the agent declarations and memoranda of interviews have been produced. Gov. Mem. at Exhibits. The Government has essentially provided all the information that would be revealed via a *Wade* hearing, and Mr. Small still cannot point to any specific conduct or circumstance that reaches the threshold showing of suggestiveness to warrant suppression or a hearing.

## CONCLUSION

In sum, for the foregoing reasons, Mr. Small's Motion to Suppress is DENIED without a hearing. The Clerk of Court is respectfully directed to terminate the open Motion at Dkt. 27.

**SO ORDERED.**

Date:  **October 1, 2025**
       **New York, New York**

                             **VALERIE CAPRONI**
                            **United States District Judge**